NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-4049
_____

UNITED STATES OF AMERICA

v.

DEON BOLDEN,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 1-02-cr-00045-001)
District Judge:  The Honorable Leonard P. Stark

_____

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2011

BEFORE:  FUENTES, FISHER, and NYGAARD, Circuit Judges.

(Filed   June 22, 2011 )

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

I.

Appellant Deon Bolden, while under an order of supervised release from a prior federal conviction, was arrested for possession with intent to distribute a controlled substance. Bolden pleaded guilty in state court. At a subsequent revocation hearing in the United States District Court for the District of Delaware, Bolden admitted violating the terms of his supervised release.

Bolden's defense attorney urged the District Court to grant a sentencing variance for two reasons. First, counsel argued that Bolden was scheduled to serve a state sentence of eighteen months of intensive probation, a sentencing alternative to incarceration that requires a minimum of eight hours of weekly supervision and other conditions that would reintegrate Bolden into society while addressing the issues that led to his re-offending.

Counsel also argued that Bolden might not be able to avail himself of that alternative sentencing structure set by the state if he received a federal sentence of twenty-four months because his state sentence might run concurrent to the federal sentence. Bolden also raised arguments concerning his need to provide assistance to his fiancé, whose medical condition arose after his arrest, and the burden incarceration would place on his young family.

The District Court indicated that it reviewed a letter of support from Mr. Bolden's fiancé and likewise considered her medical condition. The impact that Bolden's incarceration would have on his family was also considered. The District Court indicated it considered the Probation Office's recommendation, the arguments made by Bolden's counsel and the Government, as well as Bolden's personal statement to the Court. The

2

District Court sentenced Bolden to twenty-four months imprisonment. Bolden timely filed a Notice of Appeal. Counsel filed a brief with this Court as well as a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal raises no nonfrivolous issues. Bolden did not file a *pro se* brief. We have jurisdiction under 28 U.S.C. § 1291. We will grant counsel's motion to withdraw, and will also affirm the judgment of sentence ordered by the District Court.

## II.

Under *Anders*, a lawyer may "withdraw from a case when the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal." *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). The lawyer must conduct a "conscientious examination of" the case, and if she determines the "case to be wholly frivolous," she must file a brief "referring to anything in the record that might arguably support the appeal." *Id.* (quoting *Anders*, 386 U.S. at 744). Counsel must also explain the faults in the purportedly frivolous arguments. *Id.* at 300. If the court, upon independent review of the record, agrees that the case is wholly frivolous, then it "can grant counsel's motion to withdraw and dismiss the appeal under federal law." *Id.* at 299.

Here, counsel's brief identifies one issue – namely the reasonableness of Bolden's sentence. We review sentences imposed upon revocation of supervised release for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a). *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007).

We review the procedural and substantive reasonableness of a district court's sentence upon revocation of supervised release for abuse of discretion. *See United States*

*v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). Absent procedural error, we will affirm the sentencing court "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

Here, the record establishes that the District Court committed no significant procedural error. It considered Bolden's arguments as well as the Government's position in favor of a within-guidelines sentence. The District Court explained that it was taking into account the factors set forth in § 3553(a), including among others, the nature and circumstances of the offense, Bolden's criminal history, the sentencing range established for the offense, efforts at rehabilitation, the need to protect the public, evidence of recidivism, the need to protect the public, the need to promote respect for the law, and the goals of the Sentencing Guidelines. That is to say, the record establishes that the District Court followed the proper procedures. We, therefore, cannot say that no reasonable sentencing court would have imposed this sentence in this case. *See, e.g., United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010).

III.

We find that counsel here has adequately shown that there are no nonfrivolous appealable issues for review. Furthermore, our independent review of the record reveals that there are no appealable issues of merit. Therefore, Counsel's motion for leave to withdraw is granted and the District Court's finding that Bolden violated the terms of his supervised release and the court's subsequent sentence will be affirmed. In addition, we certify that the issues presented lack legal merit and that counsel is not required to file a

4

petition for writ of certiorari with the Supreme Court of the United States. *See* Third Circuit Local Rule 109.2(b).